United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-50374
USDC No. 3:01-CR-1940-1-DB

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL SILVAS,

Defendants-Appellant.

_____

Appeal from the United States District Court for
the Western District of Texas
_____

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Raul Silvas pleaded guilty to conspiring to possess 100 grams or more of

heroin with intent to distribute. Over two years after the district court had entered

final judgment in the criminal proceedings, Silvas filed a "Motion to Seek an Out of

Time Appeal." The district court denied the motion, concluding that it lacked

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

jurisdiction to permit Silvas to seek an appeal. Silvas timely appealed from the district court's denial of his motion for an out-of-time appeal, and he now requests that this court appoint him counsel for assistance in this appeal.

This court can dismiss an appeal during consideration of an interlocutory motion if the appeal "is frivolous and entirely without merit." 5TH CIR. R. 42.2. Because Silvas's motion was filed more than 40 days after the entry of judgment, the district court correctly concluded that it lacked jurisdiction to grant Silvas's motion for leave to file an out-of-time appeal. *See* FED. R. APP. P. 4(b)(1)(A) & 4(b)(4).

The district court should not have *sua sponte* construed Silvas's motion as a motion to vacate his sentence under 28 U.S.C. § 2255 because the court had not given Silvas notice of its intent, a warning about the effects of treating the motion as a § 2255 motion, and an opportunity to add any additional claims. *See Castro v. United States*, 540 U.S. 375, 383 (2003). However, notification of the recharacterization would not change the fact that the limitation period for Silvas to file a § 2255 motion had long since passed. *See* 28 U.S.C. § 2255 (providing a one-year limitations period for federal prisoners seeking habeas relief). Since any § 2255 motion filed by Silvas would be time-barred, the district court's failure to notify Silvas of the recharacterization was harmless.

Because the district court lacked jurisdiction to grant Silvas the relief he requested, and the district court's recharacterization was harmless, Silvas has not

established that his appeal of the district court's denial of his motion for an out-of-time appeal has any arguable merit. Because the appeal is frivolous, IT IS ORDERED that the appeal be DISMISSED, and accordingly, Silvas's motion for appointment of counsel is DENIED.